# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40948

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2017

Lyle W. Cayce
Clerk

BERNHARD GUBSER,

      Plaintiff - Appellant

v.

INTERNAL REVENUE SERVICE; JOHN KOSKINEN, in his official capacity as Commissioner of Internal Revenue Service; UNITED STATES OF AMERICA,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CV-298

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Bernhard Gubser failed to report his overseas bank account to the IRS as required by the Bank Secrecy Act of 1970. *See* 31 U.S.C. § 5314. Gubser received a Letter 3709 from the IRS stating that he had not filed the required report for the 2008 reporting year. The IRS proposed a penalty of $1,363,336— half of the undisclosed account balance at the time of the violation—for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40948

Gubser's willful failure to file the report. *See* 31 U.S.C. § 5321(a)(5). The letter gave Gubser the following options: (1) agree to the proposed penalty and make payment; (2) disagree and request a conference with the IRS Appeals Office; or (3) do nothing and the IRS "will assess the penalty and begin collection procedures."

Gubser chose the second option. He alleges that he met with an IRS Appeals officer who told him that the IRS likely could prove by a preponderance of the evidence—but not by clear and convincing evidence—that he willfully failed to report the overseas account. Gubser brought a complaint seeking a declaration that the IRS must prove a willful failure to report by clear and convincing evidence. Gubser is still in the Appeals process and a penalty has not been assessed.

The government moved to dismiss for lack of jurisdiction, arguing that Gubser lacks standing, the case is not ripe, and the government has not waived sovereign immunity. The district court granted the motion to dismiss, holding that Gubser lacks standing for failure to show redressability. In particular, the district court found it was "highly speculative" and "far from likely" that Gubser's requested declaration would prevent the IRS from assessing a penalty. It did not reach the government's ripeness and sovereign immunity arguments.

For the reasons essentially given by the district court, we agree that Gubser fails to establish standing.

AFFIRMED.